**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| **INSIGNIA HOLDING COMPANY;**<br>**INSIGNIA ASSETS, INC.;**<br>**TRIBL RECORDS, LLC;**<br>**MAVERICK CITY MUSIC, INC.;**<br>**NORMAN GYAMFI;** and<br>**JONATHAN JAY,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**META PLATFORMS, INC.;**<br>**KHRISTIAN DIAZ;**<br>**JOHN DOE 1, a/k/a "CHRIST XXL"**<br>(Instagram: @christxxl_);<br>**JOHN DOE 2, a/k/a "@mavcityleaked";**<br>and **JOHN DOES 3–10,**<br><br>*Defendants.* | Civil Action No.<br>_____ |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiffs, Insignia Holding Company, Insignia Assets, Inc., Tribl Records, LLC, Maverick City Music, Inc., and Norman Gyamfi (collectively, "Plaintiffs"), respectfully show the Court as follows:

1

## INTRODUCTION

This case involves the theft of electronically-stored trade secrets and other information concerning Plaintiffs that certain, as yet, unidentified defendants posted on social media accounts with the intent to cause injury to Plaintiffs. Plaintiffs seek equitable relief from Meta Platforms, Inc. requiring it to identify those who improperly posted the information on its social platforms. Plaintiffs seek injunctive relief and damages against those who posted the information and damages against those who stole the information.

## PARTIES

1.    Insignia Holding Company is a Georgia corporation.

2.    Insignia Assets, Inc. is a Delaware corporation.

3.    Tribl Records, LLC is a Georgia limited liability corporation.

4.    Maverick City Music, Inc. is a Georgia corporation.

5.    Norman Gyamfi is a Georgia resident.

6.    Jonathan Jay is a Georgia resident.

7.    Defendant, Meta Platforms, Inc. ("Meta"), is a Delaware corporation that is registered to conduct business in Georgia. Meta maintains its principal place of business at 1 Meta Way, Menlo Park, CA, 94025. Meta may be served upon its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, GA, 30092

2

8.    Defendant, Khristian Diaz ("Diaz"), is a Georgia resident.  Diaz may be served at his residence at 2915 Emerson Lake Drive, Snellville, GA 30078 or, possibly, through his counsel, R. Mark Richardson, Richardson Sixth, LLC, 2700 Pine Tree Road, NE, Atlanta, Georgia 30324 or wherever he may be found.

9.    John Doe 1, a/k/a "CHRIST XXL" (Instagram: @christxxl_) is an as yet unidentified person who has posted confidential information on social media platforms.  John Doe 1 may be personally served as soon as Meta discloses his/her identity.

10.    John Doe 2, a/k/a "@mavcityleaked," is an as yet unidentified person who has posted confidential information on social media platforms. John Doe 2 may be personally served as soon as Meta discloses his/her identity.

11.    John Does 3–10 are as yet unidentified persons whose identities may be discovered through discovery and be joined as parties at a later date in accordance with the applicable rules and  Court's direction.

## JURISDICTION AND VENUE

12.    Venue is proper in the United District Court for the Northern District of Georgia because Meta maintains its registered agent in Gwinnett County, which is in this district.

3

13.     Because this action raises questions concerning the laws of the United States, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331.  The claims asserted herein raise questions of federal law arising under 18 U.S.C. §§ 1836, 1839.

14.     This Court has personal jurisdiction over Meta.  Meta is registered to conduct business in Georgia and its registered agent is located within the Northern District of Georgia and is therefore subject to general personal jurisdiction.   This Court has jurisdiction over the other defendants because they either stole information from Plaintiffs and caused injury in violation of federal and state statutes.

## FACTS

### A.  The Unauthorized Access and Theft

15.     Plaintiffs are entities and individuals engaged in the music recording, publishing, and entertainment industry, operating under the Maverick City Music, Tribl Records, and Insignia Assets brands. Plaintiffs maintain confidential business records, artist agreements, deal matrices, royalty schedules, and private employee and contractor communications on company computer systems located in Georgia.

16.     Between Jun 27, 2026 and July 4, 2026, Diaz had possession, custody, and control of Plaintiffs' MacBook computer (which was principally

4

used by Jonathan Jay).  On June 27, 2026, July 3, 2026, and July 4, 2026, an unidentified person physically accessed the computer without authorization.

17.    Diaz or one of the Doe Defendants unlawfully acquired Plaintiffs' trade secrets and confidential information which was transferred to John Does 1 and 2.

18.    The John Doe Defendants posted Plaintiffs' private information on Meta's social media platforms.

19.    Plaintiffs commissioned a professional forensic analysis of the macOS unified system log (Case BLXNK) of the MacBook computer.  The forensic report reveals the following events of intrusion:

(a)  June 27, 2026 at 8:59 PM EDT — Screen unlock triggered by an active user; Safari browser opened during an otherwise-idle stretch. First non-system event in approximately 3.5 days of genuine idle operation.

(b)  July 3, 2026 at 7:46 PM EDT — Machine opened and fully awakened from hibernate. At 7:46 PM, the screen was unlocked, and the Messages, Mail, and Safari applications were opened. At 8:12 PM, an external USB storage drive labeled "KINGS VIDEO" was mounted and data was transferred to and from the device. Between 8:57 PM and

9:27 PM, 91 screenshots were taken and 23 AirDrop transfers were sent. The USB-C cable was disconnected at 11:26 PM.

(c)  July 4, 2026 — Continued heavy interactive use. The Messages application generated 64,000 log references — the single busiest application in the entire eleven-day forensic capture window — confirming sustained access to private iMessage communications. Two deliberate reboots occurred within a one-hour window (4:30–4:54 PM), one with a 23-minute power-off interval.

20.    A forensic file inventory (5,522 rows) confirmed that the following categories of confidential information were accessed and transferred to the "KINGS VIDEO" external drive.   The transfer of information included the theft of the following:

(a)   Five (5) private medical records, including an IVF protocol document pertaining to a named individual — a direct violation of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d-6;

(b)   Thirty-three (33) confidential legal contracts, including the MAV_CITY_MUSIC-RAINE-OWNER_AGREEMENT,        Asset Purchase Agreement (Watershed), artist agreements with Kierra

Sheard-Kelly, Chandler Moore, and others, and a Sam Rivera termination provision;

(c) Ten (10) royalty and payment records; and

(d) Seven (7) corporate financial and asset documents, including a deal matrix styled "TRIBL Deal Matrix - Sam Rivera."

21. Remote access to Plaintiffs' computer systems was not possible at any relevant time. For example, Screen Sharing and Remote Desktop Management were disabled.

22. Therefore, every intrusion event is consistent exclusively with in-person, at-keyboard physical access.

23. The pre-organized folder structure observed on the "KINGS VIDEO" drive demonstrates premeditation and intent on the part of the John Doe defendant(s) who wrongfully acquired the information.

**B. The Unlawful Public Disclosure**

24. On July 4, 2026, Instagram account @christxxl_ (Defendant John Doe 1, a/k/a "Christ XXL") published at least two public posts on Instagram containing stolen confidential materials:

(a) Post 1 (https://www.instagram.com/p/DaYmQxTmejk/): A carousel post captioned "BREAKING: Christ XXL has independently verified leaked messages involving executives connected to Maverick

City Music" — containing screenshots of Plaintiff Norman Gyamfi's private iMessage communications. The post garnered 666 public comments and included hashtag #NormanGyamfi, referring to Plaintiff, Norman Gyamfi.

(b)    Post 2 (https://www.instagram.com/p/DaYa7uPCRSS/): A carousel post captioned "LEAKED CHATS REVEAL MORE OF THE SAM RIVERA–TRIBL DISPUTE" — containing screenshots of confidential business documents, including the "TRIBL Deal Matrix - Sam Rivera" and "Sam Rivera termination provision.pdf." This post tagged @ejgaines, @triblrecords, and @sambrivera, and shows an "Edited" status, indicating post-publication modification.

25.    On or about July 4–5, 2026, a separate Instagram account styled @mavcityleaked, i.e., John Doe 2, was created for the sole purpose of distributing stolen confidential materials from Plaintiffs' systems. The account name — referencing "Maverick City" and "leaked" — was deliberately chosen to maximize reputational harm to Plaintiffs and to ensure discoverability by Plaintiffs' audience.

26.    The account was actively publishing stolen content as of 9:17 PM EDT on July 5, 2026.

8

27.    On July 5, 2026 at 9:37 PM EDT, Plaintiffs transmitted an emergency takedown demand to Meta Platforms, Inc. via ip@meta.com, records@fb.com, and privacy@instagram.com, demanding immediate removal of all infringing content and a platform-wide prohibition on reposting. Plaintiffs also filed an Instagram DMCA copyright infringement form via help.instagram.com/contact/372592039493026 listing all three infringing URLs.

28.    Jonathan Jay reported the theft to Gwinnett County Police Department on July 6, 2026.  The case was assigned case number GP260045626

29.    As of the filing of this motion, at least some of the content of the unlawful posts remains publicly accessible.

30.    As a result of the unauthorized intrusion into the MacBook and theft of information, Plaintiffs have suffered and will continue to suffer damages.

## COUNT I
### (Damages for the Misappropriation of Trade Secrets)

31.    Plaintiffs incorporate by reference paragraphs 1 - 30 above as if set forth herein verbatim.

32.    The John Doe Defendants misappropriated information by accessing Plaintiffs' computer, including, without limitation, artist

9

agreements, deal matrices which reveal economic terms, owner agreements, royalty schedules, and termination provisions.

33.    The information Defendants misappropriated constitutes trade secrets within the meaning of 18 U.S.C. § 1839.

34.    Plaintiffs took reasonable steps to maintain the secrecy of the trade secrets.

35.    One or more of the John Doe Defendants has actual possession of Plaintiff's trade secrets.

36.    The John Doe Defendants misappropriated these secrets by theft and without authorization, and are now publicly disclosing them through Instagram.

37.    Plaintiffs have suffered harm as a result of Defendants' actions.

38.    Each hour that the @christxxl_ and @mavcityleaked posts remain publicly accessible, the content spreads further — viewed, shared, screenshotted, and reposted across Instagram, TikTok, and other platforms. The harm caused by each additional dissemination is impossible to quantify or remedy with money damages.

39.    Once publicly known, confidential artist agreements, private deal terms, and private medical records, like the materials Defendants have misappropriated, cannot be "un-disclosed."

10

40.    Plaintiffs request the Court to award damages for actual loss caused by the misappropriation of the trade secrets and damages for any unjust enrichment Defendants have enjoyed as a result of their misappropriation of trade secrets that is not addressed in computing damages for actual loss.

41.    Because the John Doe Defendants willfully and maliciously misappropriated Plaintiffs' trade secrets, Plaintiffs request the Court to award exemplary damages in an amount not more than two times the amount of the damages awarded.

42.    Plaintiffs request the Court to award reasonable attorney's fees.

## COUNT II
### (Permanent Injunction)

43.    Plaintiffs incorporate by reference paragraphs 1 - 42 above as if set forth herein verbatim.

44.    Plaintiffs have sustained irreparable harm and cannot be made whole through money damages alone.

45.    The ongoing publication of Plaintiffs' stolen confidential materials over social media platforms, like Instagram, is actively spreading Plaintiffs' personal, business, and health information across social media. This has caused and will continue to cause economic and reputational harm to Plaintiffs.  The disclosure of Plaintiffs' trade secrets, reputational harm, and

11

ongoing publication of private communications each independently constitute irreparable injury.

46.    There is a substantial likelihood of success on the merits of Plaintiffs' claims.

47.    There is a substantial threat of irreparable injury to Plaintiffs if the injunction is not issued.

48.    The existing damage and continuing threat of injury to Plaintiffs outweighs any harm the injunction may cause to the Defendants.

49.    Defendants have no legitimate interest in continuing to publish stolen confidential information. There is no hardship to Defendants in being required to remove content they had no right to possess or publish in the first instance.

50.    In contrast, every moment of continued publication causes Plaintiffs additional, irreversible harm: loss of business relationships, destruction of trade secret value, public disclosure of a private party's medical records, and ongoing reputational damage to the Maverick City Music and Tribl Records brands.

51.    Granting the injunction will not disserve the public interest.

52.    Plaintiffs request the Court to impose injunctive and equitable relief pursuant to Fed.R.Civ.P. 65 and the Defend Trade Secrets Act

("DTSA"), 18 U.S.C. § 1836(b)(3)(A) because enjoining Defendants' conduct will prevent or limit the misappropriation of Plaintiffs' trade secrets on such terms as the Court deems reasonable.

## COUNT III
### (Conversion)

53.    Plaintiffs incorporate by reference paragraphs 1 – 30 above as if set forth herein verbatim.

54.    Plaintiffs owned the materials that the John Doe Defendants stole.

55.    The John Doe Defendants now have possession of Plaintiffs' information, which they had no right to receive or keep, much less publicly disclose.

56.    It would have been futile for Plaintiffs to demand the return of their information from the John Doe Defendants.

57.    The John Doe Defendants still have possession of Plaintiffs' information and retain it without Plaintiffs' consent.

58.    As a result of the John Doe Defendants' actions, Plaintiffs have suffered damages in an amount to be determined at trial.

59.    The John Doe Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense, which also entitles Plaintiffs to recover their costs, expenses, and

13

reasonable attorneys' fees for which the John Doe Defendants are legally responsible pursuant to O.C.G.A. § 13-6-11.

60.    The John Doe Defendants' actions, which have demonstrated willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, entitle Plaintiffs to an award of punitive damages as provided in O.C.G.A. § 51-12-5.1.

## COUNT IV
### (Tortious Interference)

61.    Plaintiffs incorporate by reference paragraphs 1 - 30 above as if set forth herein verbatim.

62.    The John Doe Defendants were aware of Plaintiffs' economic relationships.

63.    The John Doe Defendants intended to disrupt Plaintiffs' economic relationships or knew that such relationships would be disrupted because of the John Doe Defendants' actions.

64.    The John Doe Defendants' actions in fact disrupted and hindered Plaintiffs' business relationships, with whom the John Doe Defendants have no protected interest or relationship.

65.    As a direct and proximate result of the John Doe Defendants' actions, Plaintiffs have lost business and business relationships.

14

66.     As a result of the John Doe Defendants' acts and omissions, Plaintiffs have sustained damage and are entitled to recover damages in an amount to be determined at trial, including, without limitation, consequential damages and damage the value of their business.

67.     The John Doe Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense, which also entitles Plaintiffs to recover their costs, expenses, and reasonable attorneys' fees for which the John Doe Defendants are legally responsible pursuant to O.C.G.A. § 13-6-11.

68.     The John Doe Defendants' actions, which have demonstrated willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, entitle Plaintiffs to an award of punitive damages as provided in O.C.G.A. § 51-12-5.1.

## COUNT V
**(Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.)**

69.     Plaintiffs incorporate by reference paragraphs 1 - 42 above as if set forth herein verbatim.

70.     Plaintiffs' Computer that the John Doe Defendants wrongfully accessed was used in or affected interstate or foreign commerce or communication, including a computer located outside the United States that

is used in a manner that affects interstate or foreign commerce or communication of the United States and is a "protected computer" as defined under 18 U.S.C. § 1030.

71.    The John Doe Defendants knowingly accessed Plaintiffs' computer without authorization from Plaintiffs and obtained data from it.

72.    The John Doe Defendants trafficked and transmitted Plaintiffs' information to other John Doe Defendants for their personal gain.

73.    The John Doe Defendants' unauthorized access to Plaintiffs' protected computer resulted in the unauthorized, intentional transfer of 5,522 files to an external USB drive and access to stored private communications.

74.    As a result of the John Doe Defendants' acts and omissions, Plaintiffs have sustained damage and are entitled to recover damages in an amount to be determined at trial, including, without limitation,  consequential damages and damage the value of their business.

75.    Plaintiffs request the Court to award their costs, expenses, and reasonable attorneys' fees for which the John Doe Defendants are legally responsible.

76.    The John Doe Defendants' actions, which have demonstrated willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to

16

consequences, entitle Plaintiffs to an award of punitive damages as provided in O.C.G.A. § 51-12-5.1.

## COUNT VI
**(Stored Communications Act, 18 U.S.C. § 2701 et seq.)**

74. Plaintiffs incorporate by reference paragraphs 1 - 42 above as if set forth herein verbatim.

75. The John Doe Defendants knowingly accessed Plaintiffs' computer without authorization from Plaintiffs and obtained data from it. Specifically, Plaintiffs gained unlawful access to stored iMessage communications on Plaintiffs' device. The Messages application generated 64,000 log references on July 4, 2026, confirming sustained, targeted access to private electronic communications.

76. The John Doe Defendants accessed data that was electronically stored through an electronic communication service.

77. The John Doe Defendants' conduct violates 18 U.S.C. § 2701, et seq.

78. As a result of the John Doe Defendants' acts and omissions, Plaintiffs have sustained damage and are entitled to recover damages equal to the amount of actual damages suffered by the Plaintiffs and any profits made by the John Doe Defendants as a result of the violation, but in no case shall Plaintiffs be entitled to recover receive less than the sum of $1,000.

17

79.    Moreover, because the violation was willful or intentional, Plaintiffs request the Court to assess punitive damages.

80.    In addition, Plaintiffs request the Court to assess the costs of the action, together with reasonable attorney fees.

WHEREFORE, Plaintiffs respectfully request that this Court:

1.    enter a temporary and permanent  injunction:

    a)    That Defendant John Doe 1, a/k/a "Christ XXL" (Instagram: @christxxl_) immediately remove all posts, stories, reels, and other content containing stolen confidential communications, business documents, or private information of Plaintiffs, including without limitation the posts at https://www.instagram.com/p/DaYmQxTmejk/ and https://www.instagram.com/p/DaYa7uPCRSS/;

    b)    That Defendant John Doe 2, a/k/a "@mavcityleaked" immediately remove all posts and content from the @mavcityleaked Instagram account, and that the account itself be suspended or deactivated pending further order of this Court;

   c)   That Defendants be immediately prohibited from reposting, re-publishing, transmitting, forwarding, or otherwise further disseminating any stolen confidential material from Plaintiffs' computer systems on any platform, including Instagram, TikTok, X (Twitter), Facebook, YouTube, or any other digital medium; and

   d)   John Doe 1 and John 2 be required to return all data that was taken from Plaintiffs;

2.   Order Meta Platforms, Inc. to: (a) immediately remove all infringing posts from accounts @christxxl_ and @mavcityleaked; (b) preserve all account registration data, IP login logs, and direct messages associated with both accounts pending further order of this Court (litigation hold); (c) implement a platform-wide hash-based block (PhotoDNA or equivalent) to prevent reposting of the infringing content; and (d) provide Plaintiffs' counsel with the account registration information for @christxxl_ and @mavcityleaked within 72 hours;

3.   Prohibit Defendants, and all persons acting in concert with them, from destroying, deleting, concealing, or otherwise disposing of any evidence related to the unauthorized access to Plaintiffs' computer

19

systems, including but not limited to the external USB drive labeled "KINGS VIDEO" and any copies of files obtained therefrom;

4.    Set an expedited hearing on Plaintiffs' motion for Preliminary Injunction within fourteen (14) days.

5.    Enter a judgment in favor of Plaintiffs and award compensatory and punitive damages as well as all costs of litigation and attorneys' fees.

6.    Such other relief as the Court deems just and proper.

Respectfully submitted this 7th day of July, 2026.

/s/ A.McCampbell Gibson
A. McCampbell Gibson
Georgia Bar No. 292741
Gibson Legal Works, LLC
4279 Roswell Road NE
Suite 208 - 108
Atlanta 30342-3700
678-642-2153
mac@gibsonlw.com

Attorney for Plaintiffs

## FONT CERTIFICATION

I certify that the foregoing pleading has been prepared with Times New Roman, 14-point font, in compliance with L.R. 5.1B.

This 7th day of July, 2026.

/s/ A. McCampbell Gibson
A. McCAMPBELL GIBSON
Georgia Bar No. 292741